No. 25,083.

B. A. MINTOYNE, *Appellee*, v. G. C. COGGSBURN and HARRY E. EVANS, Partners, etc., *Appellants*.

### SYLLABUS BY THE COURT.

ACTION UPON ACCOUNT STATED—*Judgment for Plaintiff—No Error Shown.* In an action upon an account stated, several alleged errors of procedure examined and found to be without substantial merit.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed March 8, 1924. Affirmed.

*H. S. Roberts*, of Kansas City, and *John N. Swenson* of Kansas City, Mo., for the appellants.

*David F. Carson*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon an account stated. It was tried to a jury, which answered special questions and returned a general verdict for plaintiff. The defendants have appealed.

Defendants are partners engaged in the practice of law at Kansas City, Missouri. During the war one of them, Mr. Evans, was in the service and plaintiff was employed to assist in conducting the business. He began his employment April 7, 1919, and continued until March 1, 1922. It is plaintiff's claim that when he commenced work no definite salary was agreed upon, but that he was guaranteed as much as $100 per month salary and his business expenses. That later there was some talk that his salary would be raised to $150 per month but that the definite amount of his salary was never finally agreed upon until a few days after he quit the employment. That on March 12, 1922, he and the defendant, Coggsburn, met, went over the entire matter and agreed that his salary should be computed at $125 per month for the first nine months of his employment and at $135 for the remaining twenty-six months. That the amount he had been paid, taken from the books of the firm, was deducted from his total earnings and it was then agreed between them that there was a balance of $1,010.52 due plaintiff and that a memorandum of this computation and agreement was made by plaintiff and the defendant Coggsburn on that day. The memorandum was offered in evidence. Plaintiff further testified that since March 12 certain payments had been made, leaving a balance due him for which he

sued. The testimony on behalf of the defendants was to the effect that plaintiff's salary was to be $100 per month and business expenses and had never been increased. That plaintiff had been overpaid $393.63, which they sought to recover in a counter claim and they denied that any settlement or account stated had been made March 12.

Upon this conflicting evidence the verdict returned by the jury must stand unless there is some trial error which requires a new trial. Without setting out the findings of the jury, it is sufficient to say that they are consistent with the general verdict for plaintiff.

Appellants complain of the admission in evidence of the memorandum which plaintiff claims was made by him and the defendant Coggsburn March 12, and contends that it was self-serving. There is no merit to this contention. Its value or lack of value depends upon the veracity or lack of veracity of the plaintiff and defendant and that was a question for the jury.

The plaintiff kept the books of the firm while in their employ. On cross-examination plaintiff was handed the books which he stated had not been in his possession for a year and asked if all the entries were in his handwriting, what changes, if any, had been made in it and if it showed certain items. He stated that he could tell if he had time to look through it. The court declined to stop the trial to give the witness time to examine the books, directed that he be permitted to examine them at the noon hour, and stated that defendants would be permitted to cross-examine him about the books later. This was done. Appellants complain that they were forced into presenting their defense before being permitted to complete their cross-examination of plaintiff. This is a matter that was within the sound discretion of the court, no prejudice appears to have resulted therefrom, and it does not constitute error.

Complaint is made generally of the instructions, but no specific error is pointed out. We have examined those set out in the abstract and find nothing materially wrong with them.

Defendants requested that certain special questions be submitted to the jury. Two of them were marked "refused." Appellants complain of the refusal of the court to submit these questions. Because of some controversy as to just what was done, we sent for the original files. These show that though two of the questions were marked "refused," all of them were in fact submitted to the jury and all of

them were answered by the jury. Hence, there can be no error predicated upon the court's refusal to submit the two questions.

Finding no error in the record the judgment of the court below is affirmed.